IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

MYRA CHARLENE HORAN

    Plaintiff,

v.                                          No. 1:22-cv-01121-JDB-jay

WAYNE FUQUA,

    Defendant.

## REPORT AND RECOMMENDATION TO DISMISS CASE

This case is one of four brought before the Court by Plaintiff. The Magistrate Judge recommends this case be **DISMISSED** pursuant to 28 U.S.C. § 636(e)(2)(B). The genesis of this suit began June 7, 2021 when Plaintiff's claims against eleven Defendants were transferred to this Court from the District of Columbia. *See* Order Transferring Pro Se Case, *Horan v. McGee et al*, 1:21-cv-01102-JDB-jay, Docket Entry "D.E." 3. The Magistrate Judge granted Plaintiff's Motion for Leave to Proceed In Forma Pauperis and screened that initial Complaint. *Horan*, 1:21-cv-01102-JDB-jay, D.E. 8. On July 6, 2022, the Court dismissed all claims against all Defendants except Defendant Fuqua. *Id.*, D.E. 11.

Prior to that ruling, Plaintiff filed this separate action on June 7, 2022. D.E. 1. Plaintiff then filed an Amended Complaint against Defendant Fuqua, as permitted by the Court, in the initial case on July 12, 2022. *Horan*, 1:21-cv-01102-JDB-jay, D.E. 12. All of the claims filed in this action against Defendant are addressed in the first suit. D.E. 1. Here, Plaintiff raises five claims. D.E. 1. The Amended Complaint submitted to the Court from the initial case include those same

five claims (along with a sixth claim not raised here). *Horan*, 1:21-cv-01102-JDB-jay, D.E. 12.

Subsection 636 of Title 28 to the United States Code provides that during in forma pauperis litigation, "the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious . . . ." 28 U.S.C. §636(e)(2)(B)(i). Because the claims and Defendant addressed here are identical to those being adjudicated in Plaintiff's original suit, allowing this case to proceed will result in duplicative litigation. Therefore, the Magistrate Judge recommends this case be **DISMISSED**.

Plaintiff also filed a Motion to Proceed In Forma Pauperis (IFP). D.E. 2. Title 28 U.S.C. § 1915(a) allows courts, upon application by the plaintiff, to proceed with litigation "without prepayment of fees . . . ." 28 U.S.C. § 1915(a)(1). The purpose of this provision is to "insure that indigent persons have equal access to the judicial system by allowing them to proceed without having to advance the fees and costs associated with litigation." *Carroll v. OneMain Fin. Inc.*, No. 14-cv-14514, 2015 WL 404105, at *1 (E.D. Mich. Jan. 29, 2015) (citing *Flint v. Haynes*, 651 F.2d 970, 972 (4th Cir. 1981)).

Proceeding IFP "is a privilege, not a right." *Committe v. John Carroll Univ.*, No. 1:18CV01372, 2019 WL 913054, at *4 (N.D. Ohio Feb. 25, 2019). The determination of whether to grant an application to proceed IFP is within the discretion of the court. *Bryant v. United States*, 618 F. App'x 683, 685 (Fed. Cir. 2015). Of the many factors in determining whether to grant IFP status, in this case the most persuasive is judicial resources. *Committe*, 2019 WL 913054 at *4. Filing "meritless lawsuits" that "interfere[] with the orderly administration of justice . . . is incompatible with the privilege of proceeding in forma pauperis." *Id*.

Here, Plaintiff filed duplicative litigation. *See Horan v. McGee et al*, 1:21-cv-01102, D.E. 1. The claims Plaintiff asserts here are the same claims asserted in a previous filing where the

Court granted IFP. *See* Order Granting Motion for Leave to Proceed In Forma Pauperis, *Horan v. McGee et al*, 1:21-cv-01102, D.E. 8. Granting IFP to Plaintiff *again* as to the same claims asserted against the same Defendant will not advance the orderly administration of justice.

Moreover, Plaintiff's application requires the Court to find that Plaintiff is "unable to pay such fees." 28 U.S.C. § 1915(a)(1). The Magistrate Judge finds Plaintiff's request to proceed IFP in this case disingenuous. Plaintiff swore, under penalty of perjury, that Plaintiff could not pay the filing fee. And yet in two separate lawsuits, one initiated *before* this case, Plaintiff paid the associated filing fees. *See Horan v. Coen et al*, 1:22-cv-01120-JDB-jay, D.E. 6; *see also Horan v. McGee et al*, 1:22-cv-01153-JDB-jay, D.E. 5. Therefore, Plaintiff has demonstrated the ability to pay the $402.00 case initiation fee.

For the foregoing reasons, the Magistrate Judge recommends Plaintiff's Application for In Forma Pauperis be **DENIED**.

Respectfully submitted this the 13th day of September, 2022.

                                            **s/Jon A. York**
                                            UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATION.   28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**